## ALICE THOMPSON, AS EXECUTRIX, ETC. v. JOHN BERG AND ANOTHER.[1]

January 5, 1923.

No. 23,135.

**Motion for vacation of judgment on appeal in unlawful detainer for want of jurisdiction—documents not presented to trial court.**

Judgment was entered in the district court, dismissing the appeal of the defendant from the judgment against the defendant in an unlawful detainer action in the municipal court of Crookston. The defendant did not appeal from the district court judgment, but moved to vacate it upon the ground of want of jurisdiction, relying in part upon proceedings had since the judgment. It is *held* that he was entitled to no relief on his motion and that it was rightly denied.

Action in forcible entry and unlawful detainer in the municipal court of Crookston. From the order for judgment, Gossman, J., and from the judgment in favor of plaintiffs, defendants Berg appealed to the district court for Polk county. Plaintiffs' motion to dismiss the appeal was granted by Watts, J. From an order and judgment denying their petition to vacate the order and judgment of dismissal, defendants appealed. Affirmed.

*J. A. Hendricks*, for appellants.

*James E. Montague* and *W. E. Rowe*, for respondents.

DIBELL, J.

The plaintiffs brought an action in the municipal court of Crookston in forcible entry and detainer. It resulted in judgment in their favor. The defendants attempted to perfect an appeal to the district court on questions of both law and fact. The plaintiffs moved to dismiss upon the ground of insufficient proof of service of notice of appeal. The motion was granted on January 28, 1922, and judgment ordered affirming the judgment of the municipal court, and on May 6, 1922, judgment was entered.

[1]Reported in 191 N. W. 412.

On June 5, 1922, the defendants moved to set aside the judgment of May 6, 1922, "upon the ground that at the time the plaintiffs commenced action herein, the plaintiffs had no right, title and interest in and to the land and premises described in plaintiffs' complaint; that the municipal court in and for the city of Crookston, Polk county, Minnesota, and the district court, in and for Polk county, had no jurisdiction to try said cause of action; that the judgment and decree entered and docketed in the said municipal and the district court as hereintofore alleged, are void; that the title in and to the said lands and premises at the time of the commencement of said action, and now, rests in the United States of America, and the state courts had no jurisdiction to try the said cause of action or to enter said judgment." This motion was heard on June 8, 1922, and was denied on June 19, 1922. This appeal is from the order denying it. There is no appeal from the judgment of May 6, 1922.

The assignments of error are made and the argument proceeds as if there were an appeal from the judgment. An appeal from the judgment would raise the question of error in dismissing the appeal for want of jurisdiction. What the defendant tries to do is to set aside the judgment on motion. His claim is that the municipal court was without jurisdiction and therefore the district court on appeal is without jurisdiction. Back of it all is the claim that the lands involved are a part of the public domain. He refers to the Act of Congress of May 8, 1922, which is subsequent to the judgment, and is an act for the relief of certain persons to whom patents to certain lands were issued under an erroneous survey made in 1876. Under this act he makes some claim. The record is much confused. In the paper book is an affidavit made subsequent to the hearing on the motion to vacate. It does not appear that it was called to the court's attention. There are now presented certified copies of proceedings in the United States land office at Crookston, including the copy of a letter from the commissioner of the general land office. Just what the plaintiff claims we need not inquire. He cannot have relief against the judgment in the manner he seeks. If the judgment was erroneous an appeal would correct it. If his ap-

peal was wrongly dismissed an appeal would have had the effect of reinstating it with an attendant new trial in the district court where he could make such defense as he had. It is hardly necessary to add that papers filed in this court, and not produced to the trial court, and papers showing things occurring after the proceedings in the trial court, cannot affect the result on appeal. Whether the judgment below will affect the defendant in his claims under the Act of May 8, 1922, is not a subject for inquiry now. He is entitled to no relief on his appeal.

Order affirmed.